**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6960**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCIS CURTIS DAVIS, a/k/a Abdul-Malik Lbnfrancis As-Salafi,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., Senior District Judge.  (3:11-cr-00080-JAG-RCY-1)

Submitted:  December 20, 2021                    Decided:  January 13, 2022

Before MOTZ, KING, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Francis Curtis Davis, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francis Curtis Davis appeals from the district court's order denying his motion for compassionate release. On appeal, he asserts that the district court improperly rejected his extraordinary and compelling reason for release and failed to properly analyze the sentencing factors. We vacate and remand for further proceedings.

A district court may reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Where, as here, the defendant—rather than the Bureau of Prisons—files a compassionate release motion, the court is "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise" in deciding whether to grant the motion. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotation marks omitted). The only limitation is the statutory prohibition that rehabilitation alone cannot constitute an extraordinary and compelling reason for release. 28 U.S.C. § 994(t).

We review a district court's ruling on a compassionate release motion for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

Here, the district court appeared to rule that Davis's three bases for establishing an extraordinary and compelling reason for release were insufficient as a matter of law to establish such a reason. The court did not consider the details of Davis's arguments but

2

instead determined categorically that neither rehabilitation, ill health of a parent, nor a claim that one of his convictions was now void could establish a sufficient reason for release. First, while the district court correctly noted that rehabilitation alone cannot serve as a basis for compassionate release, *McCoy*, 981 F.3d at 286 n.9 (citing 28 U.S.C. § 994(t)), we have held that successful rehabilitation efforts can be considered as "one among other factors." *Id.* Here, the district court did not consider the actual details of Davis's rehabilitation in combination with the other circumstances but rather simply determined that rehabilitation could not establish an extraordinary and compelling reason for release.

Next, the district court incorrectly determined that a parent's ill health could never constitute an extraordinary and compelling reasons for release. *See id.* at 284-87 (emphasizing that district court may grant compassionate release for any reason and urging an individualized assessment to provide a "safety valve" in the most "grievous" cases). Finally, while the district court correctly noted that voiding of one of his convictions would not have resulted in an overall lower sentence for Davis, the court failed to consider that the existence of a possibly void conviction could potentially provide extraordinary and compelling reasons for release given the appropriate circumstances (and other factors), even the absence of an effect on his sentence. Simply put, the district court failed to make an individualized review of Davis's proffered reasons for release but instead determined that the categories of reasons provided by Davis could not support his release.

While the district court stated that the factors raised by Davis failed to establish extraordinary and compelling circumstances whether considered "alone or together," there

3

is no indication that the district court considered Davis's circumstances, as a whole.  For example, the court did not list or discuss Davis's achievements in prison or analyze the health and needs of his mother.  Instead, the court simply stated that such circumstances could not satisfy the standard, presumably in any case.

In addition, it is not clear that all positive post-sentencing conduct can be lumped together as "rehabilitation."  Here, Davis asserted that he cooperated with prison officials to enhance the safety of the prison for the entire prison community by identifying and/or counseling dangerous inmates.  He also stated that he exposed himself to a higher risk of COVID-19 by volunteering to sanitize the education department and that his efforts resulted in a safer environment for inmates and staff alike.  Other post-sentencing conduct (that may or may not have been considered under the umbrella of rehabilitation) referred to by Davis included forming relationships with the Islamic community outside of prison, strengthening bonds with his family, creating and implementing educational curricula, and mentoring other inmates.  Because the district court simply rejected rehabilitation as a ground for release, it is unclear whether the court was aware of or considered the entirety of Davis's evidence.

Thus, we find that the district court's brief analysis of Davis's grounds for relief was insufficient to establish that the court appropriately conducted an individualized assessment.  While it would have been well within the court's discretion to determine that Davis's reasons for release were neither extraordinary nor compelling, the record does not reflect that the district court considered the totality of Davis's post-sentencing conduct, the ill health of his mother, and the potential voiding of one of his convictions.  Instead,

4

because it appears that the court may have believed that some, if not all, of Davis's claims could not establish a reason for release under any circumstances, the district court procedurally erred in determining that Davis had not provided an extraordinary and compelling reason for release.

Next, the district court ruled that, even if Davis had provided an extraordinary and compelling reason for release, the § 3553 factors weighed against such release. While there is no "categorical . . . requirement" that a district court explicitly address each of the defendant's arguments in support of his compassionate-release motion, *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021), a court "must adequately explain the chosen sentence to allow for meaningful appellate review" in light of the particular circumstances of the case, *id.* at 188 (internal quotation marks omitted); *see Chavez Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) ("Just how much of an explanation [is] require[d] . . . depends. . . upon the circumstances of the particular case."). When a case is "relative[ly] simpl[e]," this requirement is satisfied if the order denying relief shows that "the district court was aware of the arguments, considered the relevant sentencing factors, and had an intuitive reason" for denying the motion. *High*, 997 F.3d at 191 (emphases and internal quotation marks omitted). However, when a defendant "present[s] a 'significant amount of [post-sentencing] mitigation evidence,' . . . 'a more robust and detailed explanation' [is] required." *Id.* at 190 (quoting *United States v. Martin*, 916 F.3d 389, 396 (4th Cir. 2019)).

Here, Davis argues that the district court erred because it did not consider the evidence of his rehabilitation over a near-decade in prison and merely weighed the § 3553 factors in the same way that it did at his original sentencing. Indeed, the district court did

5

not acknowledge the breadth of Davis's rehabilitation and instead conclusorily noted that it could not outweigh his criminal conduct, his extensive criminal record, his recidivism, and his failure to comply with supervised release. Admittedly, the judge who denied Davis's compassionate release motion was the same judge who originally sentenced him, which *High* noted was "significant." 997 F.3d at 189. However, the circumstances relevant to Davis's motion are more complicated than in *High*. Davis did not merely assert that he had taken a few "educational courses . . . since his original sentencing." *High*, 997 F.3d at 188 (internal quotation marks omitted). Rather, Davis proffered potentially persuasive evidence and arguments, including that he had been chosen for a COVID-19 sanitation project and had performed admirably, that he developed and taught educational courses, that he worked with prison staff to make the prison safer, that he had one minor disciplinary infraction in over nine years, that he had made connections in the Islamic community both inside and outside the prison, that he had served nearly half his 20-year sentence, that he satisfied his financial obligations, and that his mother was suffering from medical issues and could not care for herself.

Moreover, Davis presented a large amount of documentary evidence that required consideration by the district court. *See Martin*, 916 F.3d at 396-97 (finding that recitation of original criminal behavior is insufficient when no weight given to "the multitude of redemptive measures" by prisoner). Specifically, Davis completed drug education programs, completed numerous educational courses, served as a GED tutor for other inmates, mentored numerous other inmates, and made himself indispensable in the education department, and staff members, friends, and family provided letters to that effect.

6

However, the district court appeared to rely solely on Davis's past criminal history and did not consider the new and significant "evidence of post-sentencing mitigation that would be relevant to the § 3553(a) factors" when it evaluated his motion. *See id.* at 397.

In light of the district court's failure to provide an individualized assessment of Davis's motion for compassionate release, we vacate the district court's order and remand for further proceedings. We express no opinion on the merits of Davis's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*
